United States District Court
Eastern District of Michigan
Southern Division



F I L E D

MAY 1 2 2026

CLERK'S OFFICE
U.S. DISTRICT COURT

United States of America,

v.

Arnoldo Jose MARQUEZ-
PULIDO,

Case No. 26-cr-20141

Hon. Terrence G. Berg

Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Arnoldo Jose MARQUEZ-PULIDO, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with assaulting, resisting, or impeding a federal officer under 18 U.S.C. § 111(a)(1) and (b).

## 2.    Statutory Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

### 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss Count 2 of the Indictment, which charges the defendant with being an alien in possession of a firearm under 18 U.S.C. § 922(g)(5)(A).

### 4. Elements of Counts of Conviction

The elements of Count 1 are:

1) The defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person designated in Title 18, United States Code, Section 1114, specifically ATF Special Agent R.T.;

2) The defendant did such acts voluntarily and intentionally;

3) The defendant's acts involved physical contact with ATF Special Agent R.T. by the defendant;

4) The defendant's acts resulted in bodily injury; and

5) The defendant did these acts while Special Agent R.T. was engaged in the performance of his official duties.

5.	**Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

On or about March 4, 2026, in Utica, Michigan, within the Eastern District of Michigan, Special Agent R.T. of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) was engaged in the performance of his official duties as a Task Force Officer on the Homeland Security Task Force. When ATF Special Agent R.T. attempted to arrest the defendant, the defendant fled and then forcibly and intentionally assaulted ATF Special Agent R.T. by striking him in the face with the defendant's elbow, inflicting bodily injury.

6.	**Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.	The right to plead not guilty and to persist in that plea;

B.	The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions

here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

USSG § 2A2.2 Aggravated Assault – Base Offense Level   (14)

USSG § 2A2.2(b)(2)(C) – Brandishing a dangerous weapon   (+3)

USSG § 2A2.2(b)(3)(A) – The victim sustained bodily injury   (+3)

USSG § 2A2.2(b)(7) –Convicted under 18 U.S.C. 111(b)   (+2)

USSG § 3A1.2(b) – Official Victim   (+6)

USSG § 3C1.2 – Reckless Endangerment During Flight   (+2)

Adjusted Offense Level:   (30)

USSG § 3E1.1   (-3)

**Offense Level Total:**   **(27)**

The parties jointly recommend that no zero-point offender adjustment is applicable under USSG § 4C1.1(a)(3) and (7).

If the defendant is determined at sentencing to fall within Criminal History Category I, then the Offense Level of 27 results in a guideline range of 70 to 87 months.

## D.   Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

On March 4, 2026, while fleeing from an attempted traffic stop by law enforcement officers, the defendant drove his vehicle at a high rate of speed, turned right from the left lane, and cut across multiple lanes of traffic at the intersection of 18 Mile Road and Van Dyke Avenue in Sterling Heights, Michigan. During the offense, and with several bystanders nearby, the defendant knowingly and intentionally reached for and possessed ATF Special Agent R.T.'s service firearm, withdrawing it from the holster on ATF Special Agent R.T.'s duty belt. The defendant lost possession of the firearm when ATF Special Agent R.T. flipped the defendant over onto his back.

## E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.     Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9.     Imposition of Sentence

### A.     Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.   Imprisonment

### 1.   Agreement

The parties have no agreement as to a recommended sentence of imprisonment.

### 2.   No Right to Withdraw

The defendant understands that he has no right to withdraw from this agreement or withdraw his guilty plea based upon the sentence of imprisonment imposed by the Court. The government likewise has no right to withdraw from this agreement based upon the sentence of imprisonment imposed by the Court. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement the government will be permitted to withdraw from the agreement.

## C.   Supervised Release

### 1.   Recommendation

The parties have no agreement as to supervised release.

### 2.   No Right to Withdraw

The defendant understands that he has no right to withdraw from this agreement or withdraw his guilty plea based upon the term of supervised release imposed by the Court. The defendant also

understands that the government's recommendation at the time of sentencing for this offense will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D.   Fines

The parties have no agreement as to a fine.

## E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Forfeiture

The parties have no agreement as to forfeiture.

### G.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the statutory maximum.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty pleas, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he understands waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5 p.m. on Monday, May 4, 2026. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon
United States Attorney

_____
Douglas Salzenstein
Chief, Homeland Security Unit
Assistant United States
Attorney

_____
Timothy E. Garcia
Special Assistant United States
Attorney

Dated: 4/27/2026

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Celeste Kinney
Attorney for Defendant

_____
Arnoldo Jose MARQUEZ-PULIDO
Defendant

Dated: 05/12/2026